**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                          NO. 4:08CR00419 JLH

SHAMUS RIDGELL                                                                             DEFENDANT

**OPINION AND ORDER**

Shamus Ridgell has been indicted on one count of receipt of child pornography, one count of transporting child pornography, and one count of possession of child pornography. He has filed two motions: the first is a motion to suppress the physical evidence and custodial statements, and the second is a motion to inspect the grand jury minutes and evidence submitted to the grand jury.

A defendant must show a particularized need in order to obtain grand jury minutes. *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994); *United States v. Knight*, 547 F.2d 75, 78 (8th Cir. 1976). With regard to the need for the grand jury records, Ridgell's motion says, "Defendant needs access to all information concerning the alleged facts and the totality of the circumstances upon which this federal prosecution and the arresting officers' determination of probable cause is based in order to fairly present his Motion to Suppress." His motion also says, "Defendant needs access to all information presented to the grand jury to fairly determine whether his federal prosecution is based on evidence improperly obtained in the Arkansas State courts." These conclusory allegations do not show a particularized need for grand jury minutes and evidence submitted to the grand jury. Therefore, the motion to inspect is denied.

Like his motion to inspect, Ridgell's motion to suppress states in conclusory fashion that an affidavit for a search warrant submitted to the 20th Judicial District Circuit Court for the State of Arkansas failed to show probable cause to believe that the defendant had committed a crime without

making any specific argument as to why this affidavit, or any other affidavit used in connection with this case, failed to establish probable cause.

The response by the government shows that an affidavit for a search warrant was submitted to the Circuit Court of Faulkner County, Arkansas, on January 29, 2008. The January 29 affidavit states that on that same day Detective Brian Williams, an officer of the Conway Police Department, was conducting an online investigation into internet child predators. He was posing as a 14-year-old girl. While doing so, he was contacted by a person who stated that he was a 20-year-old male at Hendrix College in Conway. Williams told this man that he was a 14-year-old girl in Conway who was at home from school due to sickness. This man arranged with Detective Williams to meet for sex at a particular laundromat in Conway. He also sent numerous photographs of himself to Detective Williams. At the appointed time, Shamus Ridgell appeared at the laundromat. The detectives recognized him from the photographs that had been sent and arrested him. According to the affidavit for the search warrant, Ridgell was advised of his Miranda rights and agreed to talk. The government has submitted a statement of rights signed by Shamus Ridgell acknowledging his Miranda rights and stating that he was willing to talk. According to the affidavit for the search warrant, Ridgell stated that he knew that he had been arrested because he had arranged to have sex with an underage girl at the laundromat. He admitted to using the screen name that had been used in the electronic communications with Detective Williams. His address was verified to be a location at the Hendrix College campus.

"'Probable cause to issue a search-warrant exists when the supporting affidavit sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Lakoskey*, 462 F.3d 965, 977 (8th Cir. 2006) (quoting *United States v. Sundby*, 186 F.3d 873, 875 (8th Cir. 1999)). "A

magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331, 76 L. Ed. 2d 527 (1983) (internal quotation marks omitted).

The affidavit submitted on January 29, 2008, in support of the search warrant meets the standard. It recited facts sufficient to lead a prudent person to believe that Ridgell had violated Ark. Code Ann. § 5-14-110 inasmuch as that he was more than 18 years old and had solicited a person who was represented to be less than 15 years of age to engage in sexual intercourse. Furthermore, a prudent person could conclude from the January 29 affidavit that Ridgell had committed that crime by using a computer, and that evidence pertaining to that crime could be found by searching his room at Hendrix College.

Based on that affidavit, a search warrant was issued, and Ridgell's room at Hendrix College was searched. During that search, a laptop computer was found. A second affidavit for a search warrant was submitted on February 4, 2008, seeking a warrant to authorize a forensic analysis of the contents of that computer. That affidavit, in connection with the earlier affidavit, stated facts sufficient to lead a prudent person to believe that the computer would contain evidence that Ridgell had violated Ark. Code Ann. § 5-14-110. A search warrant authorizing the forensic examination was issued.

Finally, on November 14, 2008, a special agent for the United States Immigration and Customs Enforcement Office in Little Rock submitted to United States Magistrate Judge Beth Deere an affidavit for a warrant for the arrest of Shamus Ridgell. That affidavit recites the facts stated above, adds that the forensic examination of Ridgell's computer identified at least 60 images of what appeared to be child pornography, and states that Ridgell distributed and received multiple child pornographic images. Based upon that affidavit, Judge Deere issued a warrant for Ridgell's arrest.

Again, the affidavit stated facts sufficient to lead a prudent person to believe that Ridgell had committed the crimes with which he is now charged in the indictment in this case.

In summary, there are three affidavits submitted to obtain warrants in this case. Two affidavits were submitted to the state court in Faulkner County to obtain search warrants. The first warrant was for the purpose of searching Ridgell's room, while the second warrant was for the purpose of doing a forensic analysis of the computer seized in his room. The third warrant in this case was the arrest warrant issued by Magistrate Judge Deere. It appears from reviewing the affidavits that all of them established probable cause. The two affidavits for search warrants stated facts sufficient to lead a prudent person to believe that a crime had been committed and that evidence pertaining to that crime would be found if the search warrant were issued. The affidavit for the arrest warrant stated facts sufficient to lead a prudent person to believe that a crime had been committed and that Ridgell had committed it.

> The United States Supreme Court has explained:
>
> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S. Ct. 2674, 2684-85, 57 L. Ed. 2d 667 (1978). While clear proof is not required to obtain an evidentiary hearing, the defendant must make a substantial

preliminary showing comprised of specific allegations. *United States v. Williams*, 477 F.3d 554, 557-58 (8th Cir. 2007).

Ridgell's motion does not make allegations of deliberate falsehood or reckless disregard for the truth, nor is it accompanied by an offer of proof. It does not point out specifically the portion of any warrant affidavit that is claimed to be false. Ridgell's motion does nothing more than state in conclusory fashion that one of the affidavits was insufficient to show probable cause. Because the affidavits stated facts sufficient to show probable cause, and because Ridgell has not presented the kind of evidence required under *Franks* to obtain a hearing, the motion to suppress will be denied without a hearing.

Finally, Ridgell requests, again in conclusory fashion, that any statements made by him be suppressed. However, the statements were made after he had been advised of his Miranda rights, and after he had signed a statement waiving his Miranda rights. He does not allege that his statements were not freely and voluntarily given after a knowing and intelligent waiver of his rights. Therefore, the motion to suppress will be denied.

## CONCLUSION

For the reasons stated above, Ridgell's motion to inspect grand jury minutes and evidence submitted to the grand jury is DENIED. Document #16. Ridgell's motion to suppress physical evidence and custodial statements of the defendant is DENIED. Document #15.

IT IS SO ORDERED this 30th day of January, 2009.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE